UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HSBC BANK USA, N.A., as indenture trustee for PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2005-2,<br><br>Plaintiff,<br><br>v.<br><br>REHULINA REJEKI, FERNANDES SEMBIRING, and MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., as a nominee for PEOPLE'S CHOICE HOME LOAN, INC.,<br><br>Defendants. | No. 12 CV 3915<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Defendants Rehulina Rejeki and Fernandes Sembiring defaulted on a loan that was secured by a mortgage on their property. The original lender and mortgagee was People's Choice Home Loan, Inc., but People's Choice is not a party to this suit. People's Choice created a trust, and the plaintiff here, HSBC Bank USA, N.A., is the indenture trustee of that trust. HSBC, which brings this foreclosure suit in its role as trustee, claims that defendants'[1] loan note and mortgage were transferred to the trust. HSBC moved for summary judgment. In opposition, defendants contend that the note and mortgage were never transferred to the trust, so HSBC has no standing to foreclose. As discussed below, defendants' arguments lack merit, so HSBC's motion for summary judgment is granted.

---

[1] In this opinion, "defendants" refers to Rejeki and Sembiring only.

I.   **Legal Standards**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014).

II.  **Facts[2]**

In January 2005, defendants executed a loan note, payable to People's Choice Home Loan, Inc. PSOF ¶¶ 1–2. The loan was secured by a mortgage on defendants' property. PSOF ¶ 6–8; [20] ¶ 13. The original mortgagee was Mortgage Electronic Registration Systems, Inc. (acting as a nominee for People's Choice and its successors and assigns). [29-3] at 1–2.

In April 2005, People's Choice created a trust to hold and securitize several mortgage loans. PSOF ¶ 15; PSOF Ex. 5. HSBC argues that the trust "came into

---

[2] The facts are taken from the parties' Local Rule 56.1 statements. "PSOF" refers to HSBC's statement of undisputed facts, with defendants' responses [37]. "DSOF" refers to defendants' statement of additional facts, with HSBC's responses [39].

possession" of defendants' note through the April 2005 contract that created the trust. PSOF ¶ 15. Defendants contend that the transfer of their note to the trust did not comport with the mechanics required by the trust agreement, and was therefore void. PSOF ¶¶ 14–15; [37-3] at 2–4.

Beginning in June 2010, defendants stopped making the required monthly payments. PSOF ¶¶ 12, 16.

On January 25, 2012, MERS (on behalf of People's Choice) assigned the mortgage to HSBC (in its role as trustee). PSOF ¶ 13.[3]

On May 20, 2012, HSBC brought this suit to foreclose on the property. HSBC attached a copy of the note to its complaint. PSOF ¶ 14; [1-4]. Also attached were copies of the mortgage, and mortgage assignment. [1-3], [1-5].

## III. Analysis

There is no dispute that defendants defaulted on their loan, which was secured by a mortgage. The only question is whether HSBC (as trustee) is the proper party to bring a foreclosure action. Contending that HSBC is not the proper plaintiff, defendants make three arguments: (1) the note is not endorsed, so HSBC cannot enforce it; (2) the mortgage assignment was invalid because it took place after People's Choice was dissolved; and (3) the transfer of the note to the trust violated the trust agreement, and was therefore void.

---

[3] Defendants purport to deny this statement of fact, and point to an affidavit submitted by John B. Moran. Moran's affidavit contains mainly legal arguments and conclusions, which I do not consider. In any event, the paragraph that defendants cite to does not deny that defendants' mortgage was assigned to HSBC in its role as trustee. *See* [38] ¶ 19.

## A. HSBC Can Enforce the Unendorsed Note.

The note is made payable to People's Choice, and has not been endorsed (either in blank, or to HSBC as trustee). But HSBC is nonetheless entitled to enforce the note if the note was given to HSBC for the purpose of transferring enforcement rights. 810 ILL. COMP. STAT. 5/3-203(a)–(b), 5/3-301. Defendants do not contend that People's Choice never intended to transfer enforcement rights to the trust. And HSBC attached to its complaint (1) a copy of the note[4]; (2) a copy of the mortgage assignment from MERS (on behalf of People's Choice); and (3) a copy of the trust agreement that transferred the note. [1-3], [1-4], [1-5]. HSBC has thereby shown that it is entitled to enforce the note. *See Deutsche Bank Nat'l Trust Co. v. Adolfo*, 2013 U.S. Dist. LEXIS 122805, *6–7 (N.D. Ill. 2013); *Deutsche Bank Nat'l Trust Co. v. Christian*, 2013 U.S. Dist. LEXIS 171166, *6–8 (N.D. Ill. 2013); *HSBC Bank USA, N.A. v. Hardman*, 2013 U.S. Dist. LEXIS 11864, *12–13 (N.D. Ill. 2013); *Bank of N.Y. Mellon Trust Co. v. Rangel*, 2012 U.S. Dist. LEXIS 131810, *14–15 (N.D. Ill. 2012); *Deutsche Bank v. Tucker*, 2012 U.S. Dist. LEXIS 96579, *6–7 (N.D. Ill. 2012).

## B. HSBC Owns the Mortgage.

Defendants argue that the mortgage was not properly transferred to HSBC, because when MERS assigned it in 2012, MERS purported to act as nominee for

---

[4] Defendants speculate that HSBC does not possess the original note. [37-3] at 1. But HSBC attached a copy of the note to its complaint. [1-4]. That attachment is presumed to be a true and correct copy of the original document. 735 ILL. COMP. STAT. 5/15-1504(a)(2), (c)(2). The original is not required. *Parkway Bank & Trust Co. v. Korzen*, 377 Ill. Dec. 771, 785–87 (1st Dist. 2013).

People's Choice, but People's Choice had been dissolved in bankruptcy. [37-3] at 7. The same argument has been rejected by courts in this district, because under Illinois law, transfer of the note is sufficient to transfer equitable interest in the mortgage. *See Citibank, N.A. v. Wilbern*, 2014 U.S. Dist. LEXIS 43975, *28 (N.D. Ill. 2014) ("Under Illinois law, the assignment of a mortgage note carries with it an equitable assignment of the mortgage by which it was secured. Here, Plaintiff is the holder of the Note, and consequently, under Illinois law, is also the equitable owner of the Mortgage.") (internal marks and citations omitted) (citing *Fannie Mae v. Kuipers*, 314 Ill. App. 3d 631 (Ill. Ct. App. 2000)); *Adolfo*, 2013 U.S. Dist. LEXIS 122805 at *12–13 (citing the same Illinois law and concluding that "regardless of any defect in the 2011 Assignment, Deutsche Bank acquired the mortgage when it acquired the Note in 2007.") (internal quotation marks omitted). Defendants' argument is therefore unavailing.

### C. The Transfer was not Void.

Defendants argue that the transfer of their note to the trust violated the trust agreement, and was therefore void. [37-3] at 2–3. Defendants were not parties to the trust agreement, and thus do not have standing to raise alleged breaches of that agreement. *Bank of Am. Nat'l Ass'n v. Bassman FBT, LLC*, 366 Ill. Dec. 936, 941–42 (2d Dist. 2012). But an important exception to that rule exists: if a violation of the trust agreement renders the transfer void (rather than merely voidable), HSBC lacks standing to enforce the note, and defendants can raise that issue—otherwise defendants could be subject to multiple lawsuits seeking to enforce the note. *Id*. at 942–43. Accepting for present purposes defendants' contention that the

5

trust terms were violated, the question is whether that violation renders the transfer of defendants' note *void*, or merely *voidable*. To answer that question, I must look to New York law (the law specified in the trust agreement's choice-of-law provision).[5]

In *Bassman*, the Appellate Court of Illinois conducted a thorough review of New York law, and concluded that assignments to a trust in violation of the trust agreement are voidable, not void. *Bassman*, 366 Ill. Dec. 936, 944–45 (2d Dist. 2012). A district court in this district recently conducted a similar review, and noted that "New York intermediate appellate courts have repeatedly held," and the "vast majority of federal courts hold," that "under New York law, an assignment of a mortgage into a trust in violation of the terms of the [trust agreement] is voidable, not void." *Jepson v. Bank of N.Y. Mellon*, 2014 U.S. Dist. LEXIS 64712, *16–18 (N.D. Ill. 2014) (citing cases).

Defendants argue that *Wells Fargo Bank, N.A. v. Erobobo*, 2013 N.Y. Misc. LEXIS 1790 (N.Y. Sup. Ct. 2013) changes the state of New York law. [37-3] at 2–3. *Erobobo*, an unpublished opinion from a New York trial court, did not grapple with whether such transfers might be merely voidable, as opposed to void. The extent of *Erobobo*'s discussion on the issue is as follows: "Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of the trust is void. EPTL §7-2.4. Therefore, the acceptance of the note and mortgage by the trustee

---

[5] Because federal jurisdiction is based on diversity, I apply Illinois choice-of-law principles. *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009). Under those principles, the trust agreement's choice-of-law provision controls here. *Bassman*, 366 Ill. Dec. at 940.

6

after the date the trust closed, would be void." *Id.* at *20. Aside from citing *Erobobo*, defendants have not undermined the reasoning in *Bassman*, the cases it discussed, or the cases that have followed it. "Since it issued, *Erobobo's* reasoning and holding have been sharply criticized by a number of courts." *Jepson*, 2014 U.S. Dist. LEXIS 64712 at *17 (citing cases). Like *Erobobo*, *Bassman* considered N.Y. EST. POWERS & TRUSTS § 7-2.4. *Bassman*, 366 Ill. Dec. at 943–45. But unlike *Erobobo*, *Bassman* also considered decisions of the appellate courts of New York, interpreting that statute. *Id*. I am convinced that *Bassman* and *Jepson* represent the better view of New York law. That is, a transfer of a mortgage loan to a trust, in violation of the trust agreement, is not void (though it may be voidable).[6]

---

[6] In addition to *Jepson*, this result accords with the following decisions from this district, in factually similar cases: *Wilbern*, 2014 U.S. Dist. LEXIS 43975; *Adolfo*, 2013 U.S. Dist. LEXIS 122805; *Christian*, 2013 U.S. Dist. LEXIS 171166; *Hardman*, 2013 U.S. Dist. LEXIS 11864; *Deutsche Bank Nat'l Trust Co. v. Stafiej*, 2013 U.S. Dist. LEXIS 36312 (N.D. Ill. 2013); *Bank of N.Y. Mellon v. Fleming*, 2013 U.S. Dist. LEXIS 15392 (N.D. Ill. 2013); *Citibank, N.A. v. Wilbern*, 2013 U.S. Dist. LEXIS 42177 (N.D. Ill. 2013).

## IV. Conclusion

Because none of defendants' attacks on HSBC's standing have merit, HSBC's motion for summary judgment [28] is granted. At the status hearing scheduled for October 27, 2014, HSBC shall address the form of judgment to be entered, and whether HSBC intends to move for default judgment against defendant MERS. HSBC's motion to appoint special commissioner [31] is denied without prejudice. The motion was filed by prior counsel for HSBC over one year ago, and may need to be updated. Defendants' counsel's motion to withdraw [47] will be ruled on in open court at the next status hearing. Both plaintiff's and defendants' counsel should notify defendants of the next court date.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 10/17/14